UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRIAN SIMMONS,<br><br>    Plaintiff,<br><br>    v.<br><br>BATTELLE ENERGY ALLIANCE, LLC,<br>    Defendant. | Case No. 4:14-cv-00294-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

Pending before the Court is Defendant Battelle Energy Alliance's motion to dismiss. The motion is fully briefed and at issue. For the reasons explained below, the Court will deny the motion.

## BACKGROUND

Plaintiff Brian Simmons is a nuclear operator employed by Battelle. On November 8, 2011, Simmons was exposed to radioactive dust while repackaging radioactive fuel plates at Battelle's facility. He sued Battelle, claiming that he was injured by the exposure and the subsequent medical treatment rendered by Battelle. He has made claims under the Energy Reorganization Act (ERA), the Price-Anderson Act (PAA), and various Idaho state laws.

Battelle responded by filing the motion to dismiss now before the Court. Although Battelle brings its motion under Rule 12(b)(6), the motion actually rests on the

argument that the Court lacks subject matter jurisdiction to hear some of Simmons' claims. *See Battelle's Brief (Dkt. No. 15-1)* at pp. 1-3. As a result, the Court will consider the motion as a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction.

In its motion, Battelle contends that Simmons' exposure was the result of a typical industrial accident and that the factual allegations are insufficient to sustain a claim under the PAA because the claims fall under the exclusive jurisdiction of Idaho's worker's compensation system. *Id.* at 3. In addition, Battelle asserts that Simmons' state-law claims arise under Idaho's worker's compensation laws and, therefore, the Court lacks subject matter jurisdiction to hear those claims. *Id.* at 15.

## LEGAL STANDARD

A defendant may move to dismiss a complaint for lack of subject matter jurisdiction under Rule 12(b)(1) in one of two ways. *See Leite v. Crane Co.,* 749 F.3d 1117, 1121 (9th Cir. 2014). The first is known as a "facial" attack, and it accepts the truth of the plaintiff's allegations but asserts that they are insufficient on their face to invoke federal jurisdiction. *Id.* The second method is known as a "factual" attack, and it does not assume the truth of plaintiff's allegations but instead challenges them by introducing extrinsic evidence, requiring the plaintiff to support his jurisdictional allegations with "competent proof." *Id.*

In its motion, Battelle assumes that the allegations in the amended complaint are true, but challenges the sufficiency of those allegations. *See Battelle Brief, supra* at p. 2.

Therefore, the Court will treat the motion as a facial challenge to the Court's subject matter jurisdiction.

## ANALYSIS

### PAA Claim

The PAA provides a federal right of action for individuals injured by a nuclear incident. *See* 42 U.S.C. §§ 2014(w); 2210. However, claims that are compensable under state or federal worker's compensation laws cannot be brought under the PAA. *Id*. "Idaho's worker's compensation laws provide the exclusive remedy of an employee against his employer for injuries arising out of and in the course of employment." *Baker v. Sullivan*, 979 P.2d 619, 622 (Idaho 1999) (Internal quotations omitted). However, injuries that result from the willful or unprovoked physical aggression of the employer are exempted from this exclusivity rule. *Dominguez ex rel. Hamp v. Evergreen Res., Inc.*, 121 P.3d 938, 942 (Idaho 2005).

In *Dominguez*, Allan Elias ordered two of his employees to clean a 25,000-gallon tank filled with cyanide-laced sludge. *Id*. Even though Elias knew cleaning the tank was extremely dangerous and would injure his employees, Elias did not warn either of them. *Id*. Contrary to federal regulations, no permit had been prepared, there had been no special employee training, appropriate safety equipment was not provided, and no attendant was standing by. *Id*. The employees were subsequently injured by the toxic fumes and Elias was uncooperative with emergency personnel. *Id*. at 941. The Idaho Supreme Court ruled that Dominguez, one of the employees, "alleged a willful or

unprovoked physical aggression by his employer, and therefore his claim falls into a statutory exception to the exclusive remedy rule." *Id*. at 943.  Therefore, *Dominguez* stands for the proposition that an employer acts with willful or unprovoked physical aggression when the employer intentionally orders an employee to perform an act that the employer knows will injure the employee.

The facts alleged in Simmons' amended complaint are substantially similar to those recited in *Dominguez*.  Simmons' alleges, among other things, that Battelle knew that ordering Simmons to repackage the fuel plate would result in Simmons' injury, failed to warn Simmons of the danger, failed to follow federal safety regulations, and intentionally exposed Simmons to radioactive particles.  *See Amended Complaint (Dkt. No. 3)* at ¶¶ 22, 91, & 106.  Given the similarity between the facts alleged in *Dominguez* and the facts alleged in the amended complaint, the Court holds that the amended complaint alleges that Simmons' injuries were caused by the willful or unprovoked physical aggression of Battelle.  As a result, the worker's compensation exception to the PAA does not apply and the Court has subject matter jurisdiction over Simmons corresponding claims.

### State Law Claims

"If there is any provision under the worker's compensation law under which the alleged claim could be said to arise, the Commission has exclusive jurisdiction." *Walters v. Indus. Indem. Co. of Idaho*, 908 P.2d 1240, 1242 (1996).  However, "allegations of separate torts, wholly distinct from Idaho's worker's compensation statutory scheme,

may give rise to jurisdiction of Idaho state courts outside the exclusive jurisdiction of the Idaho Industrial Commission." *Selkirk Seed Co. v. State Ins. Fund*, 22 P.3d 1028, 1030 (Idaho 2000) (Internal quotations omitted).

In counts III-V of the amended complaint, Simmons alleges that Battelle is liable for negligence per se, negligent infliction of emotional distress, and breach of fiduciary duty. *See Amended Complaint, supra* at ¶¶ 130-149. Simmons bases these claims on Battelle's alleged duty under federal law to calculate the dosage of radiation to which Simmons was exposed. *Id.* Battelle responds that it also owed a duty under Idaho's worker's compensation laws to provide medical treatment to Simmons and, therefore, Simmons' claims arise under Idaho's worker's compensation law. But the Court has just held that Simmons's allegations at least raise a question whether the physical aggression exception applies. That is sufficient to deny Battelle's motion at this stage in the litigation.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to dismiss (docket no. 15) is DENIED.



DATED: July 30, 2015

B. Lynn Winmill
Chief Judge
United States District Court

**MEMORANDUM DECISION AND ORDER - 6**