UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRIAN SIMMONS,<br><br>         Plaintiff,<br><br>    v.<br><br>BATTELLE ENERGY ALLIANCE, LLC,<br>         Defendant. | Case No. 4:14-cv-00294-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Pending before the Court is defendant Battelle Energy Alliance's motion to reconsider. The motion is fully briefed and at issue. For the reasons explained below, the Court will deny the motion.

## ANALYSIS

Battelle seeks reconsider of the Court's decision denying Battelle's motion to dismiss. *See Memorandum Decision & Order (Dkt. No. 19).* Battelle claims that this Court overlooked Idaho case law in holding that plaintiff Brian Simmons is not relegated to his worker's compensation remedies at this stage of the litigation.

Plaintiff Simmons is a nuclear operator employed by Battelle. On November 8, 2011, Simmons was exposed to radioactive dust while repackaging radioactive fuel plates at Battelle's facility. He sued Battelle, claiming that he was injured by the exposure and

**Memorandum Decision & Order – page 1**

the subsequent medical treatment rendered by Battelle.  He has made claims under the Energy Reorganization Act (ERA), the Price-Anderson Act (PAA), and various Idaho state laws.

Battelle responded by filing a motion to dismiss, arguing that the Court lacks subject matter jurisdiction because Simmons' only remedy is through Idaho's worker's compensation system.  Generally, that system provides the exclusive remedy for injuries occurring on the job.  *See* Idaho Code §§ 72-201, 72-209.  But there is an exception "in any case where the injury or death is proximately caused by the willful or unprovoked physical aggression of the employer . . . ."  *See* Idaho Code § 72-209(3).

Battelle argued that even if Simmons' allegations were true, they did not rise to the level of a "willful or unprovoked physical aggression" by his employer.  The Court disagreed, relying on *Dominguez ex rel. Hamp v. Evergreen Res., Inc.,* 121 P.3d 938, 942 (Idaho 2005), to hold that Simmons had at least alleged sufficient facts to overcome a motion to dismiss.

In *Dominguez,* an employee filed a tort action against his employer in state court after he was seriously injured when his employer sent him to work in a confined space containing cyanide sludge.  The employer knew of the sludge and its danger but concealed that from the employee.  The question before the Idaho Supreme Court was whether "the district court was without jurisdiction to hear Dominguez's suit because a worker's compensation claim was Dominguez's only available remedy." *Id.* at 941.  The court held that "Dominquez has alleged a willful or unprovoked physical aggression by

**Memorandum Decision & Order – page 2**

his employer, and therefore his claim falls into a statutory exception [for willful or unprovoked physical aggression] to the exclusive remedy rule." *Id.* at 943.

Thus, under *Dominquez,* Simmons can avoid a motion to dismiss by alleging that his employer intentionally caused him to encounter a known hazard that would cause substantial physical harm while concealing the danger from Simmons. Because Simmons alleged those facts, the Court denied the motion to dismiss.

In seeking reconsideration, Battelle argues that Simmons has failed to match the allegations in *Dominquez.* Battelle claims that Simmons is not definitively alleging that Battelle knew the full risk but is instead vaguely alleging that Battelle knew some undefined risk. *See Defense Brief (Dkt. No. 24)* at p. 6. The Court disagrees. The complaint alleges that Battelle management (1) was well-aware of "the known extremely dangerous hazard associated with damaged fuel plates," (2) knew that protective clothing "did not work properly," (3) concealed the danger from Simmons, and (4) "intentionally ignored a known risk from the damaged fuel plates and directed the work to proceed in spite of the known risks of exposure to and inhalation of radioactive particles." *See Complaint, supra,* at ¶¶ 22, 26 & 91. These allegations place this case squarely within *Dominquez.*

Battelle argues next that *Dominquez* did not deal directly with the aggression exception, and that the Court should have relied instead on two earlier cases, *Kearney v. Denker,* 760 P.2d 1171 (Id.Sup.Ct. 1988) and *DeMoss v. City of Coeur d'Alene,* 795 P.2d 875 (Id.Sup.Ct.1990). But this argument ignores the statement in *Dominquez* – quoted

**Memorandum Decision & Order – page 3**

above – that the complaint's allegations fell within the aggression exception.  That statement applies directly to this case and cannot be ignored.  In contrast, *Kearney* and *DeMoss* were decided on summary judgment, both holding that the plaintiffs failed to produce sufficient evidence to fall within the aggression exception.  This case has not yet reached that stage – the Court is evaluating the sufficiency of allegations on a motion to dismiss, and *Dominquez* controls the outcome.

For all of these reasons, the Court will deny the motion to reconsider.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to reconsider (docket no. 21) is DENIED.

DATED: April 12, 2016

_____
B. Lynn Winmill
Chief Judge
United States District Court